UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas L. Mercer,

    Plaintiff,

v.   Case No. 18-12152

United States of America,   Sean F. Cox
                                        United States District Court Judge

    Defendant.
_____/

## **ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS**

In 2007, Plaintiff Thomas L. Mercer pleaded guilty to filing false tax returns. The Court imposed restitution in the amount of $331,487. To collect, the Government garnished Mercer's social security benefits. Before filing this suit, Mercer twice attempted to stop this garnishment, first by moving to re-open his criminal case, then by suing the Financial Litigation Unit of the United States Attorney's Office. The Court denied the motion and dismissed the suit.

In his latest attempt to prevent the garnishment, Mercer has sued the United States under the Federal Tort Claims Act ("FTCA"). Instead of filing an answer, the Government has moved to dismiss the suit based on its sovereign immunity.

The third time is not the charm for Mercer. Because the FTCA does not waive the Government's sovereign immunity against constitutional claims, the Court will grant the Government's motion to dismiss.

## **BACKGROUND**

On April 9, 2007, a grand jury indicted Mercer on twenty-three counts of aiding and abetting

1

the filing of a false tax returns and seven counts of obstruction of due administration of the internal revenue laws. *United States v. Mercer*, No. 07-20167 (E.D. Mich. filed March 29, 2007) (ECF No. 1). On September 13, 2007, Mercer pleaded guilty to all counts. The Hon. Lawrence P. Zatkoff sentenced Mercer to 86 months imprisonment, and ordered that he pay $331,487.00 in restitution. No. 07-20167 (ECF No. 26).

To satisfy Mercer's restitution obligation, the Government began garnishing his social security payments. *See* 31 U.S.C. §§ 3716(c)(1)(A)-(3)(A)(I). In August 2017, Mercer moved to re-open his criminal case, challenging this garnishment. (Case No. 07-20167, ECF No. 96). The Court concluded that Mercer "ha[d] not identified any legal authority for this Court to reopen this closed criminal case" and denied this motion. (Case No. 07-20167, ECF No. 102, PageID 443).

In September 2017, Mercer filed a *pro se* complaint against the Financial Litigation Unit of the office of the United States Attorney for the Eastern District of Michigan. (Case No. 17-13019, ECF No. 1). The Government moved to dismiss the complaint, arguing that the suit was barred by sovereign immunity. (Case No. 17-13019, ECF No. 11). The Court agreed and dismissed the case, noting that Mercer "fail[ed] to identify any applicable waiver of sovereign immunity." (Case No. 17-13019, ECF No. 21, PageID 87).

Mercer has now filed a *pro se* complaint against the United States, invoking the FTCA's waiver of sovereign immunity in 28 U.S.C. § 1346(b). Mercer argues that the Government has "fawled [sic] in handling of the processing of the payment process without giving Claimant's rights to due process prerequisite." (ECF No. 1, PageID 2).

**ANALYSIS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure "provides for the dismissal of an action

for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). The Court also has an "independent obligation to investigate and police the boundaries" of its jurisdiction. *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Mercer must prove subject matter jurisdiction by a preponderance of the evidence. *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015). Although *pro se* pleadings are liberally construed, *Hains v. Kerner*, 404 U.S. 519, 520 (1972), a Rule 12(b)(1) motion will be granted if the Court lacks subject matter jurisdiction to hear the claim. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

Sovereign immunity shields the United States from suit without its consent. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Any waiver of sovereign immunity must be "unequivocally expressed in [a] statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Even when Congress enacts a statute that waives sovereign immunity in some circumstances, the waiver must be construed "strictly in favor of the sovereign" and the Court may not enlarge the waiver "beyond what the language requires." *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986). Mercer bears the burden of establishing an applicable waiver. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). If he "cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Id*.

Here, Mercer filed his complaint under § 1346(b)(1) of the FTCA, which waives the United States's sovereign immunity for some torts:

> [T]he district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

3

employment, under circumstances where the United States, if a private person, would
be liable to the claimant in accordance with the law of the place where the act or
omission occurred.

Constitutional tort claims are not cognizable under § 1346(b)(1). *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).

In Mercer's complaint, he alleges that he was harmed by the Government's denial of his "due process prerequisites" and failure to adhere to "certain procedural requirements" including consideration of the "means tested" programs and the classes of exemption from federal garnishment. (ECF No. 1, PageID 2-3). Thus, Mercer appears to be alleging a constitutional claim—a violation of procedural due process. Because this constitutional claim is not cognizable under § 1346(b)(1), Mercer has failed to identify a waiver of sovereign immunity.

In his response to the Government's motion, Mercer also identifies—for the first time—28 U.S.C. § 1346(a)(1), which grants jurisdiction to the district courts over some tax disputes:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

§ 1346(a)(1) does not appear in Mercer's complaint. "Although requests to amend [a complaint] should be freely given under Federal Rule of Civil Procedure 15(a), the requesting party must at least file a motion to that effect." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F.Supp.2d 655, 669 (E.D. Mich. 2007). The Sixth Circuit has condemned "bare request[s]," made in opposition to motions to dismiss, instead of properly filed motions for leave to amend." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 784 (6th Cir. 2004); *See also Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000). To the extent that Mercer seeks to amend his complaint to

4

add a reference to § 1346(a)(1), he has not properly sought leave to do so.

## **CONCLUSION**

Because Mercer's complaint does not identify an applicable waiver of sovereign immunity, the Court GRANTS the Government's motion to dismiss.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: March 6, 2019