UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas L. Mercer,

    Plaintiff,

v.                                                   Case No. 18-12152

United States of America,           Sean F. Cox
                                                  United States District Court Judge
    Defendant.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

On March 6, 2019, the Court dismissed Plaintiff Thomas Mercer's claims against the United States, concluding that he had not identified a waiver of sovereign immunity that would allow his constitutional tort claims to continue. (ECF No. 16). Thereafter, Mercer moved to amend his complaint to add a claim under 28 U.S.C. § 1346(a)(1), which waives sovereign immunity for

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

The Court ordered a response from the Government, and the Government complied. (ECF No. 25). Mercer has not filed a reply within the time period set forth in Local Rule 7.1(e)(2)(C). Thus, this motion is ripe for the Court's decision. Because the Court concludes that oral argument will not aid the decisional process, the Court will decide the motion on the parties' briefing. Local Rule 7.1(f)(2).

The Court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). But denial may be appropriate when there is "undue delay, bad faith or dilatory

1

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005).

The Court concludes that Mercer's proposed amendment would be futile. The assessments that Mercer challenges are being collected to satisfy his criminal restitution obligations, which were imposed under Title 18 of the United States Code. Thus, these assessments are not "internal revenue taxes" and are not being collected "under the internal revenue laws." *See Gillium v. C.I.R*, 100 T.C.M. (CCH) 562, 2010 WL 5393884 at *6 (2010) ("Although restitution is based upon an estimation of civil tax liability, it is not a determination of civil tax liability..."); *See also United States v. Rabkin*, 315 F.R.D. 159, 164 (E.D.N.Y. 2016) ("A restitution order pursuant to Title 18 does not govern civil assessments under Title 26—unless the order explicitly covers such assessments.")

Moreover, even if these assessments were being collected under the internal revenue laws, it is not clear that Mercer has exhausted his administrative remedies, as required by 26 U.S.C. § 7422:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Accordingly, the Court **DENIES** Mercer's motion for leave to amend his complaint.

**IT IS SO ORDERED.**

                                                        s/Sean F. Cox
                                                       Sean F. Cox
                                                       United States District Judge

Dated: May 16, 2019